IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVA C. MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:04-cv-640-WKW |
| v. | ) [wo] |
| | ) |
| CITY OF DOTHAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on defendant's Michael Tew's ("Tew") Motion to Tax Costs and to Award Attorney's Fees (Doc. # 103). For the reasons set forth below, the court finds that defendant's motion is due to be GRANTED.

Tew seeks to recover costs and attorney fees his attorney Alan Livingston ("Livingston") incurred while defending Tew in the lawsuit. The court has already laid out the facts of the case at length in its memorandum opinion and order (Doc. # 100) and will not repeat them here. Tew was initially represented by different counsel, but after a potential conflict arose, Livingston took over the representation. Livingston participated in four depositions and drafted a motion for summary judgment supported by a brief and a reply brief. The court granted Tew's motion for summary judgment and taxed costs. *See Matthews v. City of Dothan*, No. 04-640, 2006 WL 3742237 (M.D. Ala. Dec. 18, 2006), *appeal docketed*, No. 07-10409 (11th Cir. Feb. 2, 2007).[1] On January 12, 2007, Tew filed

---

[1] The plaintiff did not appeal the grant of summary judgment with respect to Tew. (*See* Doc. # 124.)

a Motion to Tax Costs and to Award Attorney's Fees (Doc. # 103). The clerk taxed costs of $1,705.15 against plaintiff Eva Matthews ("Matthews") on January 17, 2007. (Doc. # 108.)

As the clerk of court has already taxed the defendant's fees against the plaintiff and the plaintiff failed to file a timely objection to the taxing,[2] the court finds that the costs have already been taxed and that Tew's motion to tax costs is DENIED as moot. The sole issue before the court is whether it is appropriate to award attorney fees and expenses under 42 U.S.C. § 1988.[3]

### A.   *Tew is Entitled to Reasonable Attorney Fees*

Section 1988 governs the award of attorney fees for cases brought pursuant to § 1983: "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Supreme Court has found both prevailing plaintiffs and defendants may collect attorney fees under § 1988 but has imposed a more stringent standard on defendants seeking to recover fees. *See Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 416, 421 (1978).[4] For a prevailing defendant to recover attorney fees, the court must find that "[the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly

---

[2] It was proper for the clerk to tax Tew's costs to Matthews. "Costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Matthews was required to object to the costs within five days. *Id.* Because Matthews did not file a timely objection, the court finds that the clerk was entitled to tax costs in the amount of $1,705.15 against Matthews.

[3] Tew also asserts that he is entitled to attorney fees under Title VII. However, because Matthews did not bring a Title VII claim against Tew, he can only collect attorney fees under § 1988. As explained below, the analysis for attorney fees under Title VII and § 1988 is identical.

[4] While *Christainburg* involved a claim for attorney fees under Title VII, the Supreme Court has indicated that this reasoning also applies to claims for attorney fees under § 1988. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

became so." *Id.* at 422. A defendant is not entitled to attorney fees merely because the plaintiff did not prevail; such a standard "would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of [§ 1983]." *Id.*

While the frivolity determination is made on a case-by-case basis, the Eleventh Circuit has emphasized that the following factors are important: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (1985). The Eleventh Circuit has emphasized that "'it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Id.* at 1188 (quoting *Chrstianburg*, 434 U.S. at 421-22). A court is likely to find "frivolity" when the court has "decided in the defendant's favor on a motion for summary judgment or a Fed. R. Civ. P. 41(b) motion for involuntary dismissal. In these cases, the plaintiffs did not introduce any evidence to support their claims." *Id.* at 1189.

Applying the first factor here, Matthews failed to establish a prima facie case against Tew. Matthews alleged that after she filed her claim with the EEOC Tew retaliated by micro-managing her Personnel Board meetings and by persuading the Citizen's Supervisory Committee not to reappoint her to the Personnel Board. In deciding the motion for summary

3

judgment the court concluded that Matthews could not "establish the adverse employment action element of a *prima facie* case" and that the "allegations in her brief are not supported by the record evidence." *Matthews*, 2006 WL 3742237, at *14. Matthews's appointment to the Personnel Board was for a term, and she failed to demonstrate that she had a property interest in an additional term of service. *Id.* Moreover, she admitted that Tew did not have the authority to remove her from the board. Finally, because Tew was a volunteer appointed by the Kiwanis Club, his actions could not be imputed to the city nor could he be held individually liable. Simply put, Matthews failed to establish a *prima facie* case against Tew because there was no factual or legal basis to support her claims.

The final two factors also operate against Matthews. The second factor in deciding frivolity is whether the defendant offered to settle the case. While the parties met for a court-ordered settlement negotiation (Doc. # 69), they did not settle the case at the meeting, and Matthews has not contended that Tew offered to settle. The final factor is whether the case was dismissed prior to trial. The court dismissed Tew as a defendant during the summary judgment stage.

The court concludes that Matthews brought a frivolous claim against Tew. Accordingly, Tew is entitled to collect reasonable attorney fees. The court now calculates those fees.

**B.     *Calculation of Reasonable Attorney Fees***

Tew seeks to recover his attorney fees, including expenses incurred by his attorney, under § 1988. The court first uses the "lodestar" method to determine attorney fees and then

4

evaluates what expenses Tew can collect.

### 1. **Attorney Fees**

In calculating reasonable attorney fees, courts use the "lodestar" method. First, the court must find the "lodestar" by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). "The court may then adjust the lodestar to reach a more appropriate attorney's fee." *Id.* "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). This burden includes setting out time expenditures "with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.*

The court first examines the hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. Livingston's fee is $175 per hour, and Livingston has submitted an affidavit that this hourly rate is reasonable for an attorney in the Dothan area with Livingston's experience. (Livingston Aff. 1, 3.) Matthews has not challenged Tew's hourly rate as unreasonable; accordingly, this court, following the practice of other courts in this district, applies the requested hourly rate "for purposes of this fee petition only." *Anderson v. Unum Life Ins. Co. of Am.*, No. 01-894, 2007 WL 604728, at *9 (M.D. Ala. Feb. 22, 2007) (Dement, J.) (internal quotation marks and citation omitted).

Next, the court must determine if the number of hours Livingston expended was

reasonable. The court must exclude those hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Objections and proof from fee opponents" should be "reasonably precise" because "[g]eneralized statements that the time spent was unreasonable or unreasonable of course are not particularly helpful and not entitled to much weight." *Norman*, 836 F.2d at 1301.

Livingston billed 112.5 hours working on this case. While Matthews has presented a general objection to the number of hours Livingston has billed, she has not specified what charges she finds objectionable.[5] Matthews's objections seem to center on the number of hours expended given Livingston's late entry into the case and that he participated in only four depositions.

After entering the case, Livingston spent approximately 9.5 hours reviewing the case and discovery that had already been completed. Given that this was a multi-defendant case, the court finds this time reasonable.

Livingston spent approximately 37.8 hours preparing for and participating in four depositions. The court finds this time reasonable. These depositions included those of Tew and Matthews. Additionally, one of the other depositions was of Dennis Ruben, the former city manager who decided not to hire Matthews as city clerk. Ruben had moved to Atlanta, and Livingston had to drive from Dothan to Atlanta to participate in the deposition.

---

[5] When Tew first filed his motion, he failed to include an itemized bill listing the hours he had spent on the matter. Matthews objected that the awarding of fees was inappropriate because there was no recording of the hours charged. Within a week of Matthews's response, Tew filed a supplemental affidavit (Doc. # 117), which included an itemized bill. Matthews never responded or objected to this affidavit.

Because the plaintiff has not presented other, more specific arguments regarding Livingston's hours, the court finds that it was reasonable for Livingston to expend 112.5 hours on this case. The lodestar is $19,687.50, based on 112.5 hours at the rate of $175 per hour.

Next, the court must determine if the lodestar should be adjusted. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Norman*, 836 F.2d at 1302. Here, the results from defense counsel were excellent. His client prevailed at the summary judgment stage on the basis of his brief. The court finds that no adjustment of the lodestar is necessary and that Tew is entitled to collect $19,687.50 in attorney fees.

### 2.    Attorney Expenses

Tew also seeks to recover for expenses Livingston related to mileage, hotels, meals, photocopying, postage, and long distance. Matthews has objected to the charges for each of these expenses as unnecessary and unreasonable. A party may recover reasonable expenses:

> [W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988. As is true in other applications of section 1988, the standard of reasonableness is to be given a liberal interpretation.

*Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1192 (11th Cir. 1983).

Matthews objects to the claim for travel expenses related to mileage. Livingston drove from Dothan to Alabama for Dennis Rubin's deposition and from Dothan to Montgomery for the pretrial hearing. It was reasonable for Livingston to travel to Atlanta for Dennis Rubin's deposition because he was a material witness, as he made the decision

7

not to hire Matthews. The trip to Montgomery for the pretrial hearing was necessary because local rules required Livingston to attend. Accordingly, the court finds the expense of $312.34 for mileage reasonable.

Matthews objects to the request for $344.85 for hotel expenses. After the deposition of Dennis Rubin, Livingston spent the night in Atlanta in a hotel. The court finds this expense was reasonable because the plaintiff scheduled the deposition at 5:00 p.m. in Atlanta, Georgia, and Dothan is a four-hour drive from Atlanta.

Matthews also objects to Tew's request for photocopying charges, meals, postage, and long distance charges. These expenses are not recoverable as they are overhead expenses. *See Kenny A. ex rel. Winn v. Perdue*, 454 F. Supp. 2d 1260, 1292 (N.D. Ga. 2006) (finding meals are not recoverable as they are an overhead expense)*; Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc.,* 385 F. Supp. 2d 1272, 1303-04 (M.D. Fla. 2005) (finding postage, photocopy charges, and long distance telephone charges were not recoverable as they were overhead expenses); *Brother v. Miami Hotel Invs., Ltd.*, 341 F. Supp. 2d 1230, 1240 (S.D. Fla. 2004) (listing postage and meals as general overhead). Therefore, the court finds that Tew is not entitled to recover the $82.73 charged for these expenses.

Accordingly, it is ORDERED that Defendant's Motion to Tax Costs and to Award Attorney's Fees (Doc. # 103) is GRANTED in part and DENIED in part. To the extent the motion seeks to tax costs of $1,705.15 for deposition transcripts, it is DENIED as moot. To the extent Defendant Tew seeks attorney fees from Plaintiff Matthews, the motion is

DENIED as to overhead costs and is GRANTED as to attorney fees and allowable expenses in the amount of $20,344.69.

Done this 15th day of February, 2008.

                                           /s/  W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE